UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cr-00056-JRO-MG |
| | ) | |
| DAWAYNE HAWKINS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION IN LIMINE**

The United States of America, by its counsel, Thomas E. Wheeler II, United States Attorney for the Southern District of Indiana, and Jayson W. McGrath, Assistant United States Attorney, hereby files this Response to the Defendant's Motion in Limine (Dkts. 50, 51):

## I. Defendant's Motion

The Defendant has asked the Court to rule, *in limine*, that the government be precluded from introducing evidence that the Defendant displayed, pointed, or was otherwise armed with a firearm at the time he took the BCM4 ARP named in Count One of the Indictment from witness J.L. (Dkts. 50 at 1-2; 51 at 3). He concedes that the testimony regarding the defendant's possession at the time of the taking is relevant but argues that the evidence of the armed robbery does not pass the Rule 403 balancing test, in that its probative value is substantially outweighed by its prejudicial effect. [*Id.*]

## II. Argument

The government contends that the evidence of the robbery of J.L. by the Defendant is highly relevant in that it is "part and parcel" with the charged offense. Moreover, the defendant's proposed sanitization procedure (*i.e.*, admit evidence that the defendant merely stole the firearm) is neither compatible with preserving the witness's narrative as averred (Dkt. 51 at 3), nor is it required by the law of the topic.

As noted in the government's Motion to Introduce Direct Evidence, or in the Alternative Evidence Pursuant to Rule 404(b) (Dkt. 53, the "Motion"), the robbery of J.L. is direct evidence. Direct evidence refers to evidence of conduct that is "part and parcel of the charged offense." *United States v. Dukes*, 147 F.4th 711, 717 (7th Cir. 2025) (citation omitted). Direct evidence of a charged offense "is almost always admissible against a defendant" and does not implicate Rule 404(b)—even when it is also possible to draw a forbidden propensity inference from the evidence. *Dukes*, 147 F.4th at 716–17, quoting *United States v. Gorman*, 613 F.3d 711, 717–19 (7th Cir. 2010).

If either deemed as direct evidence or subject to Rule 404(b) (and as further articulated in the Motion), once relevance and evidentiary sufficiency is established, the Court must conduct its Rule 403 balancing test. *United States v. Gomez*, 763 F.3d 545, 860 (7th Cir. 2014). And since nearly all relevant evidence is prejudicial, the courts "have emphasized that evidence must be *unfairly* prejudicial to require exclusion." *Dukes*, 147 F.4th at 718, quoting *United States v. Boros*, 668 F.3d 901, 909 (7th Cir. 2012) (quotations omitted).

"Unfair prejudice" refers to "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Coleman*, 179 F.3d 1056, 1062 (7th Cir. 1999) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

Evidence of the defendant's acquisition of the firearm by robbery of J.L. fits the rubric of "part and parcel" with the charged offense, for reasons explained in the Motion. Moreover, courts have found equally or even more egregious conduct as both relevant and admissible under the Rule 403 balancing test. *Cf. United States v. Dukes*, 147 F.4th 711 (7th Cir. 2025) (allowing evidence of a park shooting); *United States v. Canady,* 578 F.3d 665 (7th Cir. 2009) (allowing evidence that the defendant was a perpetrator in an armed home invasion and shooting). Those courts conducted a Rule 403 analysis and concluded the probative value was not substantially outweighed by the legal understanding of *unfair* prejudice.

Finally, the Seventh Circuit recently has had opportunity to analyze Rule 403 in the direct evidence realm. In *United States v. Johnson*, 89 F.4th 997 (7th Cir. 2024), the government sought to introduce evidence of a laser-sight attached to a handgun in the defendant's trial for being a felon in possession of a firearm, because it was relevant to establishing the type of handgun the defendant possessed as alleged. *Id.* at 1001. The district court excluded that evidence under Rule 403 because its probative value was presumably outweighed by its prejudicial effect, as jurors might attribute a heightened level of dangerousness to the defendant. *Id.* After a motion for reconsideration was denied, the

government appealed prior to trial. *Id.* at 1002.

The Seventh Circuit reversed. The court noted that, while "[t]he probative value of a single piece of evidence may decrease with every additional piece of evidence a party introduces to prove the same point… 'the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story.'" *Id.* at 1005, quoting *Old Chief v. United States*, 519 U.S. 172, 190 (1997). "The prosecution is not limited to providing bare-bones proof of the elements of the crime." *Id.* "It is entitled to tell 'a colorful story with descriptive richness,' and that the 'persuasive power of the concrete and the particular is often essential' for jurors to do their jobs." *Id.* at 1004, quoting *Old Chief*, 519 U.S. at 186-87.

Furthermore, consideration of whether a piece of evidence is unduly prejudicial turns on the context of its probative value. As further explained in *Johnson*:

> Rule 403 requires a balance. The district court must determine whether the danger of unfair prejudice (or other problems such as confusion or wasting time) substantially outweighs the challenged evidence's probative value. The balancing test under Rule 403 is a sliding scale. The amount of prejudice that is acceptable varies according to the amount of probative value the evidence possesses. The more probative the evidence, the more the court will tolerate some risk of prejudice, while less probative evidence will be received only if the risk of prejudice is more remote.

*Johnson*, 89 F.4th at 1009 (internal citations and quotations omitted).

Finally, *Johnson* recognizes how rulings such as what the defendant proposes will negatively impact a witness's credibility:

> Such instructions [to say less than what a witness remembers] impose additional pressures on lay witnesses in an already stressful

> situation. After all, the witnesses ordinarily will have just taken an oath to tell "the whole truth," but there are some truths they are not allowed to mention. The instructions to limit testimony may therefore impair the witnesses' credibility and, as a consequence, the credibility of the prosecution. People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard.

*Johnson*, 89 F.4th at 1005–06. (internal citations and quotations omitted).

The defendant's proposed limitation, as warned of in *Johnson,* puts an unrealistic or potentially untruthful spin on the sequence of events about which J.L. would testify. Limiting J.L. to testimony that the defendant stole the firearm in his presence would raise unanswerable questions in the minds of the jurors, such as "How?" or "Why would you allow that?" And this testimony would occur after J.L. presumedly testified that his other guns were stolen from him while he was unaware. (Dkt. 53 at 2). Put another way, J.L. would be unable to answer any logical follow-up questions (whether spoken by the lawyers or thought by a juror) in a truthful manner, and this would likely have the unintended consequence of an artificial adverse credibility determination on J.L.'s testimony by the jury. *See 3.01 7th Circuit Pattern Jury Instruction – Credibility of Witnesses.*

Here, there is no dispute that the defendant's acquisition of the BCM4 ARP from J.L. is extraordinarily probative. Handicapping the government's ability to present the full context of that acquisition, as troubling as it appears to be, unduly prevents the prosecution from its ability to present relevant and concrete

evidence in its burden to persuade the jury. And it certainly will have a profound effect on the credibility of the government's witness and the prosecution itself.

**III. Conclusion**

The government respectfully moves this Court to allow J.L.'s testimony to include being robbed of the firearm named in the indictment by the defendant. Such evidence is "part and parcel" of the offense, and placing needless and illogical limitations on that evidence would unnecessarily dilute the testimony and credibility of the witness and the prosecution. Furthermore, the Seventh Circuit has conducted similar analysis on circumstances as egregious as the defendant's actions and found no violation of Rule 403. The Court should therefore allow the admission of the evidence as the government has proffered in the case.

Respectfully submitted,

THOMAS E. WHEELER III
United States Attorney

By: /s/Jayson W. McGrath
Jayson W. McGrath
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2026, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Jayson W. McGrath
Jayson W. McGrath
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
135 North Pennsylvania, Suite 2100
Indianapolis, IN 46204
Telephone: (317) 226-6333